IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MELONY JONES, Individually;
MELONY JONES, as the Administratrix
of the Estate of Monty Jones;
JOHN MICHAEL BROWN;
and AMY BROWN                                                                PLAINTIFFS

v.                                                                CASE NO. 1:12CV44-B-S

POLARIS INDUSTRIES, INC;
T&R, INC.                                                                     DEFENDANTS

## MEMORANDUM OPINION

Presently before the court is Defendant manufacturer Polaris Industries, Inc.'s motion to dismiss Defendant retailer T&R, Inc.

Monty Jones purchased a 2008 Polaris Ranger from T&R on August 12, 2008. The Polaris Ranger, manufactured by Polaris Industries, is an all-terrain vehicle ("ATV") that seats two passengers. On November 10, 2008, Jones drove the ATV in a wooded area with Michael Brown as a passenger. During the drive, Jones attempted to apply the brakes, that allegedly failed, and as a result, the ATV crashed into a tree. While both Jones and Brown were wearing seatbelts, these allegedly failed as well, and both men suffered injuries. Jones is since deceased, apparently not as a result of injuries sustained in the accident, and his claims are represented by his wife, Melody Jones, as adminstratrix of Monty Jones' estate. Plaintiffs initiated the instant action in state court on October 29, 2010, alleging claims of strict products liability, violations of implied and express warranties, negligence, and breach of warranties of merchantability and fitness for a particular purpose.

Defendants removed this action on February 22, 2012, based on diversity jurisdiction. Defendant manufacturer Polaris then filed the instant motion to dismiss defendant retailer T&R from this lawsuit. Plaintiffs failed to respond in opposition.

Defendants argue that T&R is improperly joined in this action.[1] "In evaluating a claim of improper joinder, the 'appropriate test is whether there is any reasonable basis for predicting the plaintiffs might be able to recover against . . . the in-state defendant.'" *Jones v. General Motors Corp.*, No. 3:06CV00608-DPJ-JCS, 2007 WL 1610478, at *1 (S.D. Miss June 1, 2007) (quoting *Love v. Ford Motor Co.*, 212 F.App'x 292, 294 (5th Cir. 2006). "In most cases, there is no improper joinder if a plaintiff can survive a Rule 12(b)(6) challenge." *Love*, 212 F.App'x at 294, n.3 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). The court must accept as true the well-pleaded factual allegations and any reasonable inferences drawn from them. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). "However, in order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . . ." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (quotations omitted). "'Conclusory allegations and unwarranted deductions of fact are not admitted as true. . . .'" *Id.* (quoting *Assoc. Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).

Defendant Polaris first argues that Defendant T&R should be dismissed based on immunity under Mississippi statutory law.

---

[1] No motion has been filed by Plaintiffs to remand this action to state court. However, the court notes that diversity of citizenship does not presently exist, as T&R and all Plaintiffs are residents of the State of Mississippi. Defendant Polaris is a resident of Minnesota.

Miss. Code Ann. § 11-1-63(h) provides, in pertinent part:

> In any action alleging that a product is defective pursuant to paragraph (a) of this section, the seller of a product other than the manufacturer shall not be liable unless the seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought; or the seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or the seller had actual or constructive knowledge of the defective condition of the product at the time he supplied the product. It is the intent of this section to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product.

Miss. Code Ann. § 11-1-63(h) (2012). This immunity extends to all theories of liability. *Jenkins v. Kellogg Co.*, No. 4:08CV121-P-S, 2009 WL 2005162, at *4 (N.D. Miss. July 6, 2009) (citations omitted). Polaris argues that T&R is an innocent seller contemplated under the statute and thus, Plaintiffs cannot recover from T&R.

In *Baggett v. Yamaha Motor Co., Ltd.*, the plaintiff similarly sued a manufacturer and seller to recover damages after suffering injury as a result of an ATV's brake failure. 2006 WL 1520539, at *1 (S.D. Miss. May 31, 2006) The court determined that the seller was immune from plaintiff's claims based on § 11-1-63(h) since there was no allegation that the seller performed any services on the ATV prior to the accident and plaintiff could not prove that the seller had knowledge of the defect. *Id.* at *2.

In the case before the court, Plaintiffs' complaint alleges that Polaris and/or T&R was negligent in the design, manufacture, assembly, and selling of the ATV. However, Plaintiff made no allegation that T&R altered or modified the product in any way after receiving the product from the manufacturer and prior to selling the product to Plaintiffs. Further, Plaintiffs do

3

not specifically allege that T&R exercised substantial control over the design or manufacture of the ATV.

Plaintiffs claim that Polaris and/or T&R knew of the defect and failed to warn Plaintiffs of the defect; however, Plaintiffs do not specifically allege how that knowledge was made known to T&R. The court is of the opinion that the statements in the complaint related to T&R's knowledge of and involvement in the defect are conclusory allegations not based in any specific fact. Conclusory statements alone are insufficient to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

Based on the foregoing, the court finds Defendant Polaris' motion to dismiss to be well-taken. Defendant Polaris's motion to dismiss should be granted and Defendant T&R is should be dismissed with prejudice.[2] A separate order in accord with this opinion shall issue this day.

This, the 22nd day of March, 2013.

    /s/ Neal B. Biggers
**NEAL B. BIGGERS**
**United States District Judge**

---

[2] With the dismissal of Mississippi resident T&R, the parties in this case are now diverse and jurisdiction is proper before this court. *See* 28 U.S.C. § 1332.